# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANO GUIDO VITALE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>FELIPE MARTINEZ, Warden,<br><br>　　　　　Respondent. | Case No. 2:18-cv-02075-MCS-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R," ECF No. 22).

The Court also has reviewed Petitioner's objections to the Report and Recommendation, which were filed on April 8, 2020. ("Objections," ECF No. 26.)[1] Respondent did not file a timely response to the Objections. As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which Petitioner specifically has objected. The Objections reiterate arguments made in Petitioner's substantive briefs (*see generally* ECF Nos. 1, 18), and they lack merit for the reasons set forth in the R&R.

---

[1] Petitioner previously filed an incomplete copy of these objections on March 9, 2020. (ECF No. 23.)

Petitioner contrasts the payment schedule in his judgment, which sets a restitution schedule based on "wages earned while in prison," Judgment in a Criminal Case 9, *United States v. Vitale*, No. 4:15-cv-00068 (S.D. Tex. Jan. 12, 2017), ECF No. 306, with a payment schedule applying to a different federal inmate that was recited in a decision of the Eastern District of California, *McKreith v. Lake*, No. 1:19-cv-00365-SKO (HC), 2019 U.S. Dist. LEXIS 184768, at *3, 2019 WL 5448297, at *2 (E.D. Cal. Oct. 24, 2019), which provides one schedule if the inmate works in a prison job and an alternative schedule in the event the inmate does not work. (Objections at 2-3.) Petitioner argues that, because there is no analogous alternative schedule provided in his judgment, he should not be required to pay anything toward restitution while incarcerated should he not have a prison job. (*Id.*) The Petition does not challenge the sentencing court's judgment (Petition at 6), so it is unclear for what purpose Petitioner seeks to contrast his judgment with the judgment recounted in *McKreith*.

Construing the Objections generously, Petitioner appears to argue that the Bureau of Prisons ("BOP") cannot use the Inmate Financial Responsibility Program ("IFRP") to draw from Petitioner's account if he does not work in prison, given that his criminal judgment does not provide an alternative restitution schedule in the event Petitioner does not work. (*See* Objections at 3 ("This case before you has not one dollar going towards restitution until either employed by the B.O.P (50% of his wages) or until 60 days after his release from the B.O.P."); *see generally id.* at 2-5.) Any argument to this end lacks merit for the reasons discussed in the R&R. (*See* R&R at 7 ("The BOP has authority to implement a payment program 'that encourages inmates voluntarily to make more generous restitution payments than mandated in their respective judgments.'" (quoting *United States v. Lemoine*, 546 F.3d 1042, 1048 (9th Cir. 2008))).) In other words, even assuming Petitioner presently is not required to pay anything toward restitution under the judgment, he may enter—and, based on the record before the Court, he voluntarily has entered

(*see, e.g.*, Answer at 14-15 (describing IFRP contracts Petitioner entered); Objections at 8 (noting "OBLG STATUS.: AGREED" on February 28, 2020 printout of IFRP page describing restitution obligation)—an IFRP plan directing payments toward restitution.

Petitioner "is free to decline to participate in the IFRP." *Lemoine*, 546 F.3d at 1047.  The Court's Order and Judgment in this matter do not preclude Petitioner from either refusing to participate in the IFRP or seeking habeas relief on the basis that his refusal to participate in the IFRP has not been honored.

The Court finds no defect of law, fact, or logic in the R&R.  The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT IS THEREFORE ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: October 5, 2020

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE